# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
May 5, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LAURA L. PRICE,**
**Claimant Below, Petitioner**

**vs.)   No. 15-0501** (BOR Appeal No. 2049974)
                    (Claim No. 2013020513)

**GENESIS HEALTHCARE CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Laura L. Price, by Christopher J. Wallace, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Genesis Healthcare Corporation, by Jillian L. Moore, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 28, 2015, in which the Board affirmed an October 28, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 20, 2013, denial of an MRI and physical therapy. It also affirmed the claims administrator's August 30, 2013, decision holding the claim compensable solely for lumbar and shoulder strain. It also affirmed the claims administrator's September 11, 2013, decision denying a referral for pain management. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Price, a resident nursing aid at Genesis Health Care, was attempting to move a large patient on January 29, 2013, when she felt immediate pain in her shoulder and lower back. The next day, Ms. Price was seen at Weirton Medical Center. Imaging studies of the shoulder and back were unremarkable for acute injury but showed minimal multilevel degenerative disc and facet disease in the lumbar spine.

1

The claims administrator denied authorization for an MRI of the lumbar spine, cervical spine, and left shoulder, as well as a request for the medication Xanax, on February 19, 2013. The following day, Stephen Mascio, D.O., completed a diagnosis update form listing lumbar radiculopathy, cervical radiculopathy, and strain of other specified sites of the shoulder and upper arm as conditions caused by the compensable injury.

From February 28, 2013, through June 30, 2013, records from Dr. Mascio show Ms. Price was treated for discomfort of her neck and left shoulder, as well as mid to lower back pain that radiated into the left leg. Ms. Price was prescribed medications and physical therapy. Dr. Mascio ordered an MRI of the lumbosacral spine on March 5, 2013. He also ordered an MRI of the lumbosacral spine and physical therapy two to three times a week for one month. On March 12, 2013, an MRI of the lumbar spine revealed a right lateral disc herniation at L4-5.

Lisa Gill, D.O., issued a record review on June 19, 2013, in which she opined that the request for an MRI and physical therapy sessions for the lumbar spine were not medically necessary. She noted Ms. Price had already received twelve physical therapy visits and should be capable of performing a home exercise program on her own. Additionally, she opined that an old MRI showed that the pathology was pre-existing. Then, on June 30, 2013, the claims administrator rejected the request for an MRI and twelve physical therapy sessions.

On June 26, 2013, ChuanFang Jin, M.D., completed an independent medical evaluation of Ms. Price. Dr. Jin diagnosed a history of left shoulder strain, history of back injury, and fairly advanced degenerative disc disease. She noted the discs were bulging at L2-3 and L4-5. She also found a disc herniation or protrusion on the right at L4-5, which was likely pre-existing. She found that Ms. Price's current symptoms were most likely related to her pre-existing condition and not a lumbar strain. Dr. Jin concluded she had reached maximum medical improvement and suffered from 5% whole person impairment.

On August 30, 2013, the claims administrator held the claim compensable for left shoulder and lumbar strains. It was noted that no other conditions were held compensable. On September 11, 2013, the claims administrator denied the request for a pain management referral. From October of 2013 through December of 2013, Ms. Price was treated with medications and injections for lumbar disc displacement and radiculitis at The Pain Center.

On February 7, 2014, Ms. Price authored an affidavit in which she asserted that she has suffered from severe lower back pain since the injury. She stated that pain management has been recommended by her treating physician. Furthermore, she stated that she did not suffer from any lower back symptoms prior to the injury, with the exception of an episode of kidney stones that occurred in 2011. On May 9, 2014, Joseph Grady, M.D., completed an independent medical evaluation of Ms. Price. He diagnosed a resolved left shoulder sprain and a lumbar myofascial strain with multilevel lumbar spondylosis. He concluded she had reached maximum medical improvement and that no further treatment was necessary. He noted that she already had a referral for pain management and injections. Ms. Price relayed that the treatments were of minimal benefit. Dr. Grady did not believe further referrals or injections would yield positive results. Because there was no change in symptoms, he opined that an MRI was not necessary.

2

The Office of Judges affirmed the claims administrator's August 30, 2013, decision because it determined that the only compensable injuries in the claim were strains of the left shoulder and lumbar spine. The Office of Judges agreed that the disc herniation at L4-5 and the radiculopathy were not related to the compensable injury. The Office of Judges found that x-rays following the injury showed degenerative disc disease but no acute findings. The Office of Judges reasoned that the MRI taken on March 12, 2013, confirmed the x-ray findings that the changes seen were degenerative in nature. The observation was shared by Dr. Jin and Dr. Grady who both opined that the herniation was not the result of the compensable injury. The Office of Judges further concluded that the post-injury x-rays failed to show that the radiculopathy symptoms were related to the work injury. Therefore, the Office of Judges found that neither the L4-5 disc herniation nor radiculopathy were compensable conditions.

The Office of Judges affirmed the claims administrator's June 20, 2013, and September 11, 2013, decisions because it determined that the requested treatments were not medically related and reasonably required to treat the compensable injury. The Office of Judges recognized that both Drs. Grady and Jin opined that Ms. Price was at maximum medical improvement and needed no further treatment. Furthermore, Dr. Grady asserted that a repeat MRI was not necessary because her symptoms had not changed. Dr. Grady also found that physical therapy was not necessary because she already had extensive physical therapy, which did not yield positive results. She also did not have positive results from treatment at The Pain Clinic. The Office of Judges found that Dr. Grady's opinion was supported by Dr. Jin's opinion that Ms. Price would have flare-ups related to her degenerative disc disease throughout life. The Office of Judges concluded that her need for an MRI, physical therapy, and pain management was related to her ongoing degenerative disc disease and unrelated to her compensable strain. The Board of Review adopted the findings of the Office of Judges and affirmed its conclusion on April 28, 2015.

After review, we agree with the consistent decisions of the Office of Judges and Board of Review. The record showed ample evidence to conclude that the disc herniation at L4-5 and the radiculopathy were not related to the compensable injury. There was also substantial evidence showing that the requested treatments were not medically related and reasonably required to treat the compensable injury. Because the Board of Review had adequate evidence to support its conclusion, its decision was not in error.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 5, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II